RUSS, AUGUST & KABAT
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Brett E. Cooper (admitted *pro hac vice*)
bcooper@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Seth Hasenour (admitted *pro hac vice*)
shasenour@raklaw.com
Drew B. Hollander (admitted *pro hac vice*)
dhollander@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
*Scramoge Technology Limited*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCRAMOGE TECHNOLOGY LTD., | Case No. 8:21-cv-01673-DOC-ADS |
| Plaintiff, | **AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | **JURY TRIAL DEMANDED** |
| MOPHIE INC., | |
| Defendant. | |

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Scramoge Technology Limited ("Plaintiff" or "Scramoge") makes the following allegations against Defendants Mophie Inc. ("Defendant" or "Mophie"):

**INTRODUCTION**

1. This amended complaint arises from Mophie's unlawful infringement of the following United States patents owned by Plaintiff, which relate to improvements in wireless charging of mobile devices: United States Patent Nos. 9,490,652 ("the '652 Patent"), 10,193,392 ("the '392 Patent"), and 7,825,537 ("the '537 Patent") (collectively, the "Asserted Patents").

**PARTIES**

2. Plaintiff Scramoge Technology Limited is a limited liability company organized and existing under the law of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland. Scramoge is the sole owner by assignment of all right, title, and interest in the Asserted Patents, including the right to recover damages for past, present, and future infringement.

3. On information and belief, Defendant Mophie Inc. is a corporation organized under the laws of California, with its principal place of business at 15495 Sand Canyon, 4th Floor, Irvine, California 92618.

**JURISDICTION AND VENUE**

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Mophie in this action because Mophie has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Mophie would not offend traditional notions of fair play and substantial justice.

Mophie, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling Mophie-branded products that infringe the Asserted Patents.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendant Mophie Inc. is registered to do business in California. Additionally, upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Mophie has a regular and established place of business in this District, including at 15495 Sand Canyon, 4th Floor, Irvine, California 92618.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,490,652

7. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,490,652, entitled "Wireless charger equipped with auxiliary power supply and auxiliary power device." The '652 Patent was duly and legally issued by the United States Patent and Trademark Office on November 8, 2016. A true and correct copy of the '652 Patent is attached as Exhibit 1.

9. On information and belief, Mophie makes, uses, offers for sale, sells, and/or imports certain products, including without limitation the Mophie-branded Powerstation Wireless, Powerstation Wireless XL, Powerstation Plus XL, Powerstation All-in-One, Powerstation Hub, Charge Stream Powerstation Wireless, Charge Force Powerstation, Powerstation Wireless Stand, Powerstation Plus XL Wireless with PD, Powerstation Wireless XL with PD (fabric), and Powerstation Go ("Accused Products"), that directly infringe, literally and/or under the doctrine of

equivalents, one or more claims of the '652 Patent. Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

10. The Accused Products satisfy all claim limitations of one or more claims of the '652 Patent. A claim chart comparing exemplary independent claim 1 of the '652 Patent to representative Accused Products is attached as Exhibit 2.

11. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Mophie has injured Plaintiff and is liable for infringement of the '652 Patent pursuant to 35 U.S.C. § 271(a).

12. As a result of Mophie's infringement of the '652 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Mophie's infringement, but in no event less than a reasonable royalty for the use made of the invention by Mophie, together with interest and costs as fixed by the Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 10,193,392

13. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

14. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,193,392, entitled "Wireless power transfer device and wireless power transfer system." The '392 Patent was duly and legally issued by the United States Patent and Trademark Office on January 29, 2019. A true and correct copy of the '392 Patent is attached as Exhibit 3.

15. On information and belief, Mophie makes, uses, offers for sale, sells, and/or imports certain products, including without limitation the Mophie-branded Wireless Charging Base, Charge Force, Charge Force Desktop Dock, Charge Force Wireless Charging Base, Wireless Charging Base, Powerstation Wireless,

Powerstation Wireless XL, Powerstation Plus XL, PowerStation All-in-One, Powerstation Hub, Charge Stream Powerstation Wireless, Charge Force Powerstation, Wireless Charging Hub, Wireless Charging Stand+, Snap+ Wireless Stand, Snap+ Juice Pack Mini, Snap+ Wireless Vent Mount, Snap+ Wireless, 3-in-1 Wireless Stand (for MagSafe, 7.5W, and 15W), 4-in-1 Wireless Charging Mat, 3-in-1 Wireless Charging Pad, 2-in-1 Wireless Charging Stand, Wireless Charging Pad (7.5W and 15W), Wireless Charging Pad Mini, Charge Stream Pad, Charge Stream Pad+, Charge Stream Pad Mini, Charge Stream Desk Stand, Dual Wireless Charging Base, All-in-One Wireless Charging Pad, Wireless Charging Pad (fabric), Dual Wireless Charging Pad (fabric), Dual Wireless Charging Pad, Wireless Charging Stand (7.5W and 15W), UV Sanitizer with Wireless Charging, Charge Stream Vent Mount, Juice Pack, Juice Pack Connect, Juice Pack Connect Mini, Juice Pack Access, Juice Pack Air, Powerstation Go, Powerstation Wireless Stand, Powerstation Wireless XL with PD, and Powerstation Wireless XL with PD (fabric) ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '392 Patent in violation of 35 U.S.C. § 271(a). Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

16. The Accused Products satisfy all claim limitations of one or more claims of the '392 Patent. A claim chart comparing exemplary independent claim 1 of the '392 Patent to representative Accused Products is attached as Exhibit 4.

17. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Mophie has injured Plaintiff and is liable for infringement of the '392 Patent pursuant to 35 U.S.C. § 271(a).

18. As a result of Mophie's infringement of the '392 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Mophie's infringement, but in no event less than a reasonable royalty

4

for the use made of the invention by Mophiee, together with interest and costs as fixed by the Court.

### COUNT III
### INFRINGEMENT OF U.S. PATENT NO. 7,825,537

19. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

20. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,825,537, entitled "Inductive power transfer system and method." The '537 Patent was duly and legally issued by the United States Patent and Trademark Office on November 2, 2010. A true and correct copy of the '537 Patent is attached as Exhibit 5.

21. On information and belief, Mophie makes, uses, offers for sale, sells, and/or imports certain products, including without limitation the Mophie-branded Wireless Charging Base, Charge Force, Charge Force Desktop Dock, Charge Force Wireless Charging Base, Wireless Charging Base, Powerstation Wireless, Powerstation Wireless XL, Powerstation Plus XL, PowerStation All-in-One, Powerstation Hub, Charge Stream Powerstation Wireless, Charge Force Powerstation, Wireless Charging Hub, Wireless Charging Stand+, Snap+ Wireless Stand, Snap+ Juice Pack Mini, Snap+ Wireless Vent Mount, Snap+ Wireless, 3-in-1 Wireless Stand (for MagSafe, 7.5W, and 15W), 4-in-1 Wireless Charging Mat, 3-in-1 Wireless Charging Pad, 2-in-1 Wireless Charging Stand, Wireless Charging Pad (7.5W and 15W), Wireless Charging Pad Mini, Charge Stream Pad, Charge Stream Pad+, Charge Stream Pad Mini, Charge Stream Desk Stand, Dual Wireless Charging Base, All-in-One Wireless Charging Pad, Wireless Charging Pad (fabric), Dual Wireless Charging Pad (fabric), Dual Wireless Charging Pad, Wireless Charging Stand (7.5W and 15W), UV Sanitizer with Wireless Charging, Charge Stream Vent Mount, Juice Pack, Juice Pack Connect, Juice Pack Connect Mini, Juice Pack

Access, Juice Pack Air, Powerstation Go, Powerstation Wireless Stand, Powerstation Wireless XL with PD, and Powerstation Wireless XL with PD (fabric) ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '537 Patent, including through Mophie's own use and/or testing of the Accused Products. Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

22. The Accused Products satisfy all claim limitations of one or more claims of the '537 Patent. A claim chart comparing exemplary independent claim 1 of the '537 Patent to representative Accused Products is attached as Exhibit 6.

23. Mophie also knowingly and intentionally induces infringement of one or more claims of the '537 Patent in violation of 35 U.S.C. § 271(b). Before the filing of this Amended Complaint, Mophie has knowledge of the '537 Patent in as many as four different ways.

24. First, on October 12, 2021, Mophie was served with an original complaint alleging infringement of the '537 Patent and the infringing nature of the Accused Products. *See* Dkt. No. 15 (Proof of Service).

25. Second, on information and belief, Mophie has knowledge of the '537 Patent through co-pending actions filed by Scramoge against its competitors (Belkin International, Inc. and Anker Innovations Ltd.) and business partners (such as Apple Inc.), which also allege infringement of the '537 Patent by similar wireless chargers and charging power banks as those sold by Belkin. *See Scramoge Technology Ltd. v. Belkin International, Inc.*, No. 2:21-cv-08035-DOC-ADS (C.D. Cal. Oct. 7, 2021); *Scramoge Technology Ltd. v. Anker Innovations Ltd., et al.*, No. 5:21-cv-01712-DOC-ADS (C.D. Cal. Oct. 8, 2021); *Scramoge Technology Ltd. v. Apple Inc.*, No. 6:21-cv-01071-ADA (W.D. Tex. Oct. 14, 2021). With respect to its competitors Belkin and Anker, it is plausible that Mophie tracks or is otherwise appraised of

patent litigations against other market players in the ordinary course of business and learned of the '537 Patent through the filing of those cases.

26. Third, it is also plausible that Mophie's business partners (such as Apple) would inform it (and provide notice, such as for indemnification) of potential liability for Mophie products advertised and sold on their website. *See, e.g.*, https://www.apple.com/shop/product/HP642ZM/A/mophie-powerstation-plus-wireless-8k-pd?fnode=b875a5f5b3e70707790c4935e77957eb1cb67b4e404d42c78bcba47cd2017eeeaa98a831457f478f9f1ee8f1f71ba56120691d3b286f091459cee6dfcce321ef7fc44362b7aca0eace18e5691b3710d47f69720201f9b45564036ec80ad19a734acb892af7f79fbf6c80ead52ef9a819313dff23d95870fd7b5db86808523eb8 (accused Mophie Powerstation Plus sold on Apple website).

27. Fourth, on January 4, 2022, Scramoge sent Mophie a letter outlining its infringement of, *inter alia*, the '537 Patent and demanding that Mophie cease its infringing activities (including but not limited to its inducement and contributory infringement of the '537 Patent) by January 7, 2022. Mophie acknowledged receipt of the letter on January 7, 2022. To date, however, Mophie has not ceased its infringing activities.

28. Despite this knowledge obtained as many as four different ways of the '537 Patent, Mophie continues to actively encourage and instruct its customers and end users (for example, through user manuals, online instruction materials, and videos on its website) to use the Accused Products in ways that directly infringe the '537 Patent in an infringing manner. For example, Mophie instructs users on how to use the exemplary Mophie Powerstation All-in-One to inductively charge a target unit, *i.e.*, smartphone, wearable, and/or other device, in a manner that infringes one or more claims of the '537 Patent:

**How do I wirelessly charge my Qi-enabled smartphone with the powerstation all-in-one?**

After fully charging the powerstation all-in-one portable battery, place your Qi-enabled smartphone on top of it. Make sure the center of the device is aligned over the mophie logo on top of the battery. Then press the battery's status button to activate wireless charging.

See https://www.Mophie.com/en_us/powerstation-all-in-one.  Mophie also provides user manuals on its website that include step-by-step instructions on how to use the exemplary Mophie Powerstation All-in-One to inductively transfer power to a target unit, *i.e.*, smartphone, wearable, and/or other device, in an infringing manner:





See https://www.Mophie.com/en_us/mwdownloads/download/link/id/1100/. Mophie provides similar instructions and user manuals on its website that depict how to use the Accused Products in an infringing manner. *See, e.g.*, https://www.Mophie.com/en_us/mwdownloads/download/link/id/1156/ (Mophie Snap+ Juice Pack Mini user manual); https://www.Mophie.com/en_us/mwdownloads/download/link/id/1150/ (Mophie Wireless Charging Hub user manual);

https://www.Mophie.com/en_us/mwdownloads/download/link/id/1085/ (Mophie 4-in-1 Wireless Charging Mat user manual).  Mophie provides these instructions, user manuals, videos, and other materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Mophie also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '537 Patent, thereby specifically intending for and inducing its customers to infringe the '537 Patent through the customers' normal and customary use of the Accused Products.

29. Mophie has also infringed, and continues to infringe, one or more claims of the '537 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '537 Patent, are especially made or adapted to infringe the '537 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  For the reasons stated above, Mophie has knowledge of the '537 Patent.  Despite this knowledge, Mophie is contributorily infringing the '537 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, Mophie advertises that the Accused Products, including the exemplary Powerstation All-in-One, are designed to transfer power to compatible devices:

mophie.

**powerstation all-in-one**

Contains a 8,000mAh internal battery with built-in Apple Watch charger.

for **Airpods Pro, AirPods, Apple Watch, iPhone**

**Universal Wireless Charging**

Wireless charging works on contact and can deliver a safe and efficient charge of up to 5W to your iPhone.

*See* https://www.zagg.com/en_us/powerstation-all-in-one; *see also, e.g.*, https://www.zagg.com/en_us/snap-plus-wireless-charging-stand (Snap+ Wireless Stand) ("15W wireless charging stand compatible with snap and MagSafe for Smartphones, iPhone, Google Pixel, Samsung Galaxy, Qi-enabled Devices."). Mophie's wireless power chargers, power banks, and battery packs are base units that constitute a material part of the inventions claimed in the '537 Patent, are especially made or adapted to infringe the '573 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. For example, there are no non-infringing uses for the accused functionality in the Accused Products other than to inductively transfer power to a target unit in an infringing manner.

30. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Mophie has injured Plaintiff and is liable for infringement of the '537 Patent pursuant to 35 U.S.C. § 271(a), (b), (c), and/or (f).

31. As a result of Mophie's direct infringement of the '537 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Mophie's infringement, but in no event less than a reasonable royalty for the use made of the invention by Mophie, together with interest and costs as fixed by the Court.

32. As a result of Mophie's indirect infringement of the '537 Patent (induced and contributory infringement), Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Mophie's infringement, but in no event less than a reasonable royalty for the use made of the invention by Mophie, together with interest and costs as fixed by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Mophie has infringed, either literally and/or under the doctrine of equivalents, the '652, '392, and '537 Patents;

b. A judgment and order requiring Mophie to pay Plaintiff its damages

(past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Mophie's infringement of the '652, '392, and '537 Patents;

    c.    A judgment and order requiring Mophie to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court in equity.

    d.    A judgment and order requiring Mophie to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the accused products;

    e.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Mophie; and

    f.    Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED: January 10, 2021        Respectfully submitted,

        */s/Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Brett E. Cooper (*pro hac vice* pending)
bcooper@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Seth Hasenour (*pro hac vice* pending)
shasenour@raklaw.com
Drew B. Hollander (*pro hac vice* pending)
dhollander@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Facsimile: (310) 826-6991

***Attorneys for Plaintiff Scramoge***
***Technology Limited***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing was electronically filed with the CM/ECF system per LR 5(a), and that all interested parties are being served with a true and correct copy of these documents via the CM/ECF system.

DATED: January 10, 2022

                                                                */s/ Reza Mirzaie*
                                                                  Reza Mirzaie